Filed 8/5/22  P. v. Potter CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GISELE MATTIE POTTER,<br><br>    Defendant and Appellant. | B314773<br><br>(Los Angeles County<br>Super. Ct. No. MA055588-01) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Robert G. Chu, Judge.  Affirmed.

The Law Office of Evan D. Williams and Evan D. Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Respondent.

_____

In 2012, defendant and appellant Gisele Mattie Potter pleaded no contest to possession of cocaine for sale.  (Health &

Saf. Code, § 11351.5.)[1]  Potter admitted that she suffered one prior conviction pursuant to section 11351.5, and one prior conviction pursuant to section 11350, subdivision (a).  The agreed-upon sentence was four years in prison, comprised of the low term of three years for violation of section 11351.5, plus one year for a prior conviction enhancement pursuant to Penal Code section 667.5, subdivision (b).  The trial court agreed to release Potter on her own recognizance for two weeks to wrap up her affairs prior to sentencing.  The court advised Potter that if she failed to return for sentencing or was discovered in possession of a controlled substance, the court would sentence her to a term of nine years in prison.  Potter failed to appear for sentencing, and the trial court issued a bench warrant for her arrest.

Potter was taken into custody and appeared before the trial court on May 20, 2021.  At a sentencing hearing on June 15, 2021, Potter's counsel argued that placement in a substance abuse program was an appropriate alternative to imprisonment.  The court sentenced Potter to the upper term of four years in county jail.[2]

---

[1] All further statutory references are to the Health and Safety Code unless otherwise indicated.

[2] At the time that Potter pleaded guilty, a defendant convicted of a violation of section 11351.5 could be sentenced to a term of three, four, or five years, plus an additional year for an enhancement under Penal Code section 667.5, subdivision (b).  By the time Potter was sentenced in 2021, the Legislature had reduced the punishment for violation of section 11351.5 to a term of two, three, or four years, and abolished the one-year sentence for a prior conviction enhancement imposed pursuant to Penal Code section 667.5, subdivision (b).

Potter timely appealed. The notice of appeal indicated that the appeal was based on the sentence or other matters occurring after the plea that did not affect the validity of the plea, and the validity of the plea. Potter requested a certificate of probable cause. We granted the request.

We appointed counsel. After reviewing the record, counsel filed an opening brief asking this court to review the record independently pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*). On June 1, 2022, we advised Potter that she had 30 days to submit any contentions or issues she wished us to consider. No response has been received to date. However, Potter attached a five-page handwritten request for certificate of probable cause to the notice of appeal, which we address in lieu of a brief.

In the notice of appeal, Potter argues: Her attorney "did nothing to represent [her]" at the 2021 sentencing hearing. Potter did not want to be represented by appointed counsel but was told that she had no choice, which was not true because she had "the power to firer [sic] or hirer [sic] if I feel you are not the one for me". Potter believed that another appointed attorney she had spoken with previously could negotiate a sentence of two years.

The record does not support Potter's complaint. At the 2021 sentencing hearing, Potter expressed no dissatisfaction with counsel. Counsel argued, as Potter had requested, that placement in a substance abuse program was appropriate. Counsel stated that Potter was 65 years old at the time of the hearing. She lost her husband to cancer in 2012, which disrupted her life. Potter had moved to Nevada to be with family in 2012, and had only suffered a single arrest since that time, which

3

Potter claimed had been dismissed, although the disposition was unknown. Potter suffered from a substance abuse disorder. In light of all of these factors, Potter should be placed in a substance abuse program as an alternative to imprisonment. The trial court explained that it was sentencing Potter to the upper term of four years because, although the court often gave defendants second chances, Potter had broken the agreement that she made with the court in 2012, and "I take those deals very seriously."

Potter next argues in the notice of appeal: Her sentence of four years was too harsh, and that the judge was "out to make a point." "[H]e was prejudice, [sic] reckless, sexist[, and had] no respect for our laws." The Deputy District Attorney said to the trial court, "'but your honor this case has ran its course 9 1/2 year [*sic*]. From March 12, 2012 to May 9, 2021.'" The trial court replied "'he didn't care and he was ready to sentence me. . . .'" The Deputy District Attorney attempted to tell the trial court that the charge had "a statute of three years."

The record does not contain the statements that Potter alleges the court and Deputy District Attorney made. Potter's assertion that section 11351.5 is not punishable by a term of more than three years is inaccurate. The upper term of imprisonment for a violation of section 11351.5 is four years. (§ 11351.5.) Potter's claim that the trial court was biased is not supported by the record. The trial court explained that it imposed the upper term because Potter broke her promise to the court and failed to appear at the sentencing hearing.

Finally, Potter complained that she had not been sentenced to a misdemeanor pursuant to Proposition 47. Proposition 47 made "certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible

4

defendants." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) However, section 11351.5, under which Potter was convicted, is unaffected by the legislation.

We have examined the entire record. We are satisfied no arguable issues exist and that Potter's counsel has fully satisfied his responsibilities under *Wende*. (*Smith v. Robbins* (2000) 528 U.S. 259, 279–284; *Wende*, *supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

We affirm the trial court's judgment.

MOOR, J.

We concur:

RUBIN, P. J.

KIM, J.